IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD E. FREEMAN, ET AL.** | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | **1:04CV669LG-RHW** |
| | § | |
| **CHEVRON U.S.A., INC., ET AL.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING CHEVRON'S
MOTION FOR SUMMARY JUDGMENT AND DENYING FLUOR'S
MOTION FOR SUMMARY JUDGMENT**

BEFORE THIS COURT is the Motion of the Defendant Chevron U.S.A., Inc. for Summary Judgment pursuant to FED. R. CIV. P. 56 [68], filed in the above-captioned cause on January 20, 2006.  Defendant Fluor Global Services filed a joinder in the motion [71] on January 23, 2006.  Plaintiff filed a response to Chevron's motion and a response to Fluor's joinder on January 27, 2006.  Chevron filed a rebuttal on February 6, 2006.  In this action, Plaintiffs seek damages as a result of injuries sustained by Plaintiff Richard Freeman when he slipped and fell on the premises of Chevron.  Defendant Chevron claims that because the Plaintiff was employed by an independent contractor who had knowledge of the condition of the premises, it is not liable.  For the reasons set forth below, Defendant Chevron's Motion should be granted, and Defendant Fluor's motion should be denied.

FACTS AND PROCEDURAL HISTORY

On July 25, 2001, the Plaintiff, Richard E. Freeman, slipped and fell as he was descending a flight of stairs.  At the time of the incident, Freeman was employed as a lead field tech sampling technician by Commercial Testing and Engineering (hereinafter referred to as "CTE").  Freeman contends that the area surrounding the staircase was dimly lit and was hot and steamy because of the presence of hot coke.  He also contends that the "staircase had coke rocks

on the steps." (Pl.'s Br. in Resp. to Mot. for Summ. J., p. 2, filed Jan. 27, 2006.)  As Freeman was descending the stairs, his collection bag caught on the guardrail.  When he attempted to loosen the bag, he slipped and fell over the side of the guardrail and lost consciousness for four or five minutes.  The incident occurred on the premises of Chevron U.S.A. Inc., at its refinery in Pascagoula, Mississippi.  Freeman was working at Chevron's facility pursuant to a written contract between Chevron and CTE which required CTE to perform sampling of petroleum coke at the Chevron facility.  The contract provided that CTE "shall be an independent contractor, maintaining complete control over CONTRACTOR'S personnel and operations."  (Ex. D, ¶ 1.2, Def.'s Mot. for Summ. J., doc. #83 at 30, filed Feb. 3, 2006).

     According to Freeman, he "had consistently reported the poor conditions of insufficient lighting and dirty, stifling conditions to his supervisor George Eugene Freeman ("Gene"), who requested that Chevron authorize a work order to clean up the area and change out the lights." (Pl.'s Br., p. 3.)  Freeman also "reported the dangerous conditions to the supervisor from Fluor Global Services Corporation ("Fluor"), the company charged with preventative maintenance and cleaning the area."  (Pl.'s Br., p. 3.)  Likewise, Gene Freeman "vocalized his safety concerns to Chevron officials regarding the lack of sufficient ventilation, cleanliness and adequate lighting in the sampling area."  (Pl.'s Br., p. 3.)  Fluor responded that Chevron would have to approve the requests, but Chevron never responded.

     In July 2004, Freeman filed a complaint against Chevron and Fluor in the Circuit Court of Jackson County, Mississippi, alleging that the Defendants were negligent and grossly negligent in allowing petroleum coke to accumulate on the staircase, in failing to maintain adequate lighting, and in failing to warn of the dangerous condition of the premises.  Plaintiff

Kathy Freeman asserted a loss of consortium claim.  The Defendants removed the case to this Court on August 24, 2004.  Freeman filed an amended complaint on November 10, 2004.  On January 10, 2006, Chevron filed its motion for summary judgment contending that because Freeman knew of the conditions prior to his fall, Chevron did not have a duty to warn of those conditions.  In addition, Chevron contends that it is entitled to summary judgment because Freeman was injured by a dangerous condition  "which is inherent to the work the independent contractor [wa]s employed to perform, [and] which ar[o]se from or [wa]s intimately connected with the work to be performed."  (Def.'s Br. in Supp. of Mot. for Summ. J., p. 6, filed Jan. 10, 2006.)  On January 23, 2006, Fluor filed a joinder in Chevron's motion, contending that it is entitled to summary judgment for the same reasons as Chevron.

## DISCUSSION

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists."  *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate

3

the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Catrett*, 477 U.S. at 324-25, 106 S.Ct. at 253-54. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

<u>DID CHEVRON HAVE A DUTY TO WARN FREEMAN OF THE DANGEROUS CONDITION?</u>

Chevron contends that it did not owe a duty to warn to Freeman because Freeman knew of the danger. Chevron also contends that it is not liable for Freeman's injury because his injury resulted "from dangers which the contractor, as an expert, has knowledge, or as to which he and his employees 'assumed the risk.'" (Def.'s Br., p. 5.) In addition, Chevron contends that "when a danger exists which is inherent to the work the independent contractor is employed to perform, or which arises from or is intimately connected with the work to be performed, the employer's duty to protect the contractor is absolved." (Def.'s Br., p. 6, *citing Coho Resources, Inc. v. McCarthy*, 829 So.2d 1, 10-11 (Miss. 2002)).

Freeman agrees that Chevron, as the premises owner, does not have a duty "to protect a contractor against risks arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair." (Pl.'s Br., p. 7, *citing Jones v. James Reeves Contractors, Inc.*, 701 So.2d 774 (Miss. 1997) (other citation omitted)). Freeman contends that his job simply required that he process coke samples. He did not have any responsibility for maintaining or cleaning the stairwell or the surrounding

4

area.  Instead, Flour was responsible for maintaining and cleaning the area.  Freeman also contends that even assuming his injuries were intimately connected with his work, Chevron would not be absolved of liability because Chevron had strict control of his employer's operations.  Freeman also agrees with Chevron that "the premises owner is not liable for injury of an independent contractor or one of his employees resulting from dangers which the contractor <u>as an expert</u> has known, or as to which he and his employees '<u>assumed the risk</u>.'" (Pl.'s Br., p. 13.)  According to Freeman, he was not an expert in preventative maintenance or in cleaning the stairwell area.  In addition, he did not assume the risk, but instead had complained about the unsafe conditions in the stairwell area.  For these reasons, Freeman contends that Chevron is not absolved of liability.

Under Mississippi law, a premises owner owes a duty to an independent contractor or its employees to make the premises safe; however, that duty no longer exists once the independent contractor learns or has knowledge of the dangerous condition.  *Jones v. James Reeves Contractors, Inc.*, 701 So.2d 774, 782 (Miss. 1997).  As succinctly stated by the Fifth Circuit in *Hill v. Int'l Paper Co.*, 121 F.3d 168, 176 (5th Cir. 1997), applying *Jones*, "if an independent contractor has actual or constructive knowledge of a dangerous condition (via warning, contractual provision, etc.), its employees cannot recover against the premises owner for negligence."  *Hill*, 121 F.3d at 176-77.  It is undisputed that Freeman was aware of the conditions of the stairwell.  In fact, Freeman complained on numerous occasions about the dim lighting, uncleanliness, heat and the lack of ventilation in the area surrounding the staircase.  In addition, Freeman notified his supervisor of the conditions in the area; therefore, CTE had at least constructive knowledge of the condition.  Because Freeman and CTE had knowledge of the

5

dangerous condition, Chevron is absolved of liability.[1]  Because there are no genuine issues of material fact, Chevron is entitled to judgment as a matter of law.

<u>DID FLUOR HAVE A DUTY TO WARN FREEMAN OF THE DANGEROUS CONDITION?</u>

Fluor joined in Chevron's motion for summary judgment.  As the movant, Fluor is required to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.  Fluor simply joined in Chevron's motion, asserting that it is entitled to summary judgment for the same reasons as Chevron.  Chevron, however, is the premises owner.  It does not appear that Fluor is either a premises owner or operator.  Therefore, Mississippi law regarding premises liability is not applicable in determining Freeman's claims against Fluor.  For this reason, Fluor's motion must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendant Chevron U.S.A., Inc. for Summary Judgment pursuant to FED. R. CIV. P. 56 [16-1] should be, and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED**, that for the reasons cited above, the Joinder in the Motion for Summary Judgment [71] by Defendant Fluor Global Services should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because Chevron is absolved of liability under the "knowledge of danger" exception, the Court need not address the "intimately connected" exception.