IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD E. FREEMAN, et.al** | § | **PLAINTIFFS** |
| | § | |
| v. | § | **CAUSE NO. 1:04CV669LG-RHW** |
| | § | |
| **FLUR GLOBAL SERVICES, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion of the Defendant Flur Global Services, Inc. ("Flur Global") for Summary Judgment [106] pursuant to FED. R. CIV. P. 56. After due consideration of the submissions and the relevant law, it is the opinion of the Court that there exist genuine issues of material fact which preclude judgment as a matter of law.

DISCUSSION

Richard E. Freeman, was employed by Commercial Testing and Engineering ("CTE") as a lead field tech sampling technician at the Chevron U.S.A. Inc., petroleum refinery in Pascagoula, Mississippi. CTE was employed by Chevron to sample and test the facility's supply of manufactured petroleum coke. Flur Global was also a subcontractor at the Chevron facility. One of Flur Global's contractual obligations with Chevron was the cleaning and preventative maintenance of certain areas of the facility. One of these areas contained a staircase that was frequently used by Freeman during his sampling and testing of the petroleum coke. Freeman noted that the stairs were cluttered with the coke and waste material. Additionally, the stairs were poorly lighted due to burned out light bulbs. These conditions were reported to Chevron and Flur Global supervisors; however, they were not corrected. On July 25 2001, Freeman was injured when he slipped and fell over the stairway guardrail. Freeman attributes his injuries to

the negligent manner in which Flur Global executed its contractual obligations to clean and maintained the stairs and stairway.

Rule 56 of the Federal Rules of Civil Procedure permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) argues that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  *Celotex Corp. v. Catrett,* 477 U.S. 317,325, 106 S.Ct. 2548,2554, 91 L.Ed.2d 265 (1986).  The movant need not negate the non-movant's claims.  Instead, movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate burden of proof at trial.  *Celotex Corp. v. Catrett,* 477 U.S. at 323-24, 106 S.Ct. at 2553. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,256-57, 106 S.Ct. 2505,2514, 91 L.Ed.2d 202 (1986).  The court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 249.

Under § 324A of the Restatement of Torts, Second:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his under taking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The Fifth Circuit has held that the principles of § 324A should be applied as Mississippi law in a diversity case.  *See Tillman v. Travelers Indemnity Co.,* 506 F.2d 917 (5th Cir. 1975); *Stacy v. Aetna Casualty & Surety Co. ,* 484 F.2d 289, 292 (5th Cir. 1973)("While we find no Mississippi case precisely in point, we assume from the favorable citation of a related section, § 325 of the First Restatement of Torts, in *Long v. Patterson,* 198 Miss. 554, 22 So.2d 490, 492 (1945), that the Mississippi courts would now adopt the rule of 324A.").  Thus, to recover under § 324A, Freeman must prove (1) that Flur Global undertook to provide services for Chevron U.S.A. that Flur Global should recognize as necessary for the protection of the person or property of the Freeman, (2) that Flur Global performed its undertaking negligently, and that this negligence was the proximate cause of the plaintiff's injury, and (3) that the situation among the parties exemplifies one of the three subsections of section 324A. *See Canipe v. National Loss Control Service Corp.,* 736 F.2d 1055, 1061 (5th Cir. 1984).

Freeman has presented summary judgment evidence which tends to establish a genuine issue of fact concerning the scope of Flur Global's obligations to Chevron for the cleaning, maintenance and replacement of light bulbs in the area in which he was injured and whether Flur Global undertook to perform in part Chevron's duty to provide a safe place for employees of CTE to work.  Freeman has presented evidence which tends to show that Flur Global was aware of the poor lighting and dangerous condition of the stairs and failed to act or acted negligently.

The Court notes that unlike Chevron, Flur Global is not the premises owner.  While

Chevron cannot avoid liability by delegating its duty to provide a safe place for subcontractors to work it can contract the performance of its non-delegable duty to an independent contractor. Moreover, the fact that Freeman was aware of these dangerous conditions does not bar recovery against Flur Global.  Instead, the question of contributory negligence will be considered by the finder of fact.  *Thompson v. Lee County School Dist.,*  925 So.2d 57, 71 (Miss.,2006).

      **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant, Flur Global Services Inc., for Summary Judgment pursuant to Fed. R. Civ P. 56(c), should be, and is hereby, **DENIED.**

      **SO ORDERED AND ADJUDGED** this the 6th day of October, 2006.

                                       s/ *Louis Guirola, Jr.*
                                       LOUIS GUIROLA, JR.
                                       UNITED STATES DISTRICT JUDGE